E-FILED
Thursday, 11 March, 2021  12:02:17 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CORY HOEDEBECKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-3057 |
| ) | |
| THE CITY OF SPRINGFIELD ) | |
| and RHET SPENGEL, ) | |
| ) | |
| Defendants. ) | |

### OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Cory Hoedebecke's Motion to Disqualify Corporation Counsel (d/e 19) (Motion to Disqualify) and Defendants' Motion to Strike Plaintiff's Motion to Disqualify (d/e 21) (Motion to Strike).  Plaintiff seeks to disqualify defense counsel because of claimed conflict of interest between the interests of the Defendant City of Springfield (City) and Defendant Rhet Spengel.  For the reasons set forth below, the Motion to Disqualify is DENIED without prejudice to refile if an actual conflict of interest arises that harms Plaintiff's interest, and the Motion to Strike is DENIED as moot.

BACKGROUND

Hoedebecke alleges that Spengel was a City Police officer.  On July 7, 2019, at 12:45 a.m., Spengel conducted a traffic stop of a vehicle driven by Hoedebecke without probable cause.  Spengel allegedly had staked out Hoedebecke's car for the purpose of harassing Hoedebecke based on Spengel's personal animus toward Hoedebecke.  At the stop, Spengel falsely represented to another officer that Hoedebecke's breath smelled of alcohol and Hoedebecke's speech was slurred.  Spengel later made false reports to his supervisor during the stop.  Spengel thereafter arrested Hoedebecke without probable cause and had his car towed.  Spengel told the towing company not to release the vehicle back to Hoedebecke without first contacting the City Police Department (Department).  Spengel then wrongfully sought to have the vehicle forfeited.  The Sangamon County, Illinois, State's Attorney's Office moved to dismiss the charges for insufficient evidence.  See Complaint, ¶¶ 9-63.

Hoedebecke filed a complaint with the City.  The City investigated the complaint, ultimately finding that Spengel violated Department Rules for Neglect of Duty; Arrests and Due Process; Abuse of Position; Unbecoming Conduct and Associations; Internal Investigations; and Lying and Untruthfulness.   Complaint and Jury Demand (d/e 1) (Complaint) ¶¶ 64-66.

The City suspended Spengel without pay for 45 days.  Plaintiff's Response to Defendants' Motion to Strike (d/e 23) (Response), attached Final Notice of Disciplinary Action dated November 12, 2019, at 2.

On November 13, 2019, the City and Spengel then entered into a "Last Chance" Agreement.  Response, attached "Last Change" Agreement (Agreement).  The Agreement spread out the 45-day suspension so that Spengel served 30 days immediately, seven days in January 2020, and 8 days in February 2020.  The Agreement also allowed Spengel to use up five compensatory time days he had previously accrued as part of the suspension.   The Agreement also barred Spengel from working in the Evidence or Proactive Crimes Units, or in the Criminal Investigations Division within the Department; and required Spengel to use a body worn camera regardless of his assignment.  The Agreement provided that Spengel would be summarily discharged if he subsequently violated any rule, regulation, policy, etc., and Spengel agreed that in such circumstance he could grieve whether he committed the violation, but he could not grieve the appropriateness of disciplinary penalty of discharge.  Agreement ¶ 4-10.

Hoedebecke alleges § 1983 claims against Spengel for unreasonable search and seizure (Count I) and false arrest (Count II), and Monell claims

against the City for having established customs, policies, and practices for its officers to engage in the wrongful conduct Spengel committed (Count III)[1]; state law claims against both Defendants for false arrest (Count IV), intentional infliction of emotional distress (Count V); and state law claims against the City for statutory indemnification (Count VI).

Attorneys with the City's Office of Corporation Counsel (Corporation Counsel) entered their appearances on behalf of both the City and Spengel and filed a joint response to the Complaint.  Entries of Appearance (d/e 4, 5, and 6); Defendants' Answer to Complaint and Affirmative Defenses (d/e 8).  Hoedebecke now asks the Court to disqualify the Corporation Counsel from representing either Defendant in this case.  Motion to Disqualify, at 10.

## ANALYSIS

A party who is not represented by opposing counsel and who has never been represented by opposing counsel has no standing to move to disqualify opposing counsel because opposing counsel's representation creates a potential or actual conflict of interest that is adverse to the non-moving parties' rights.  The moving party has no standing to raise the non-moving party's rights.  Matter of Sandahl, 980 F.2d, 1118, 1121 (7th Cir. 1992).  Hoedebecke is not represented by Corporation Counsel and has

---

[1] Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

never been represented by Corporation Counsel.  Hoedebecke, therefore,
cannot move to disqualify Corporation Counsel based on a potential or
actual conflict of interest that is adverse to the interests of Spengel or the
City.  Hoedebecke asks the Court to follow persuasive authority to the
contrary.  The Court must follow the Seventh Circuit and so declines the
invitation.

Hoedebecke may have standing to move to disqualify Corporation
Counsel if its representation of the Defendants adversely affects
Hoedebecke's interests.  See Sandahl, 980 F.2d at 1121 (movant would
have had standing if the non-movants' attorney had acquired relevant
confidential information about the movant when the attorney represented a
non-party in a prior transaction with the movant);  see also FMC
Technologies, Inc. v. Edwards, 420 F.Supp.2d 1153, 1156 (W.D. Wash.
2006).

Hoedebecke argues that the Corporation Counsel's continued
representation of the Defendants adversely affects his interests because he
seeks only compensatory damages from the City but seeks compensatory
and punitive damages from Spengel.  The City, further, has a statutory duty
to indemnify Spengel for compensatory damages for acts done while acting
within the scope of employment, but not punitive damages.  See 745 ILCS

10/9-102.  Hoedebecke argues that the Corporation Counsel would have a

conflict in advising each client during settlement negotiations because each

defendant faces a different exposure for possible damages.  The risk of an

actual conflict arising from the differing damages sought is speculative at

this point.  The Court will not disqualify Corporation Counsel under these

circumstances.  The Court is disinclined to enter an order that could be

interpreted as requiring a municipality to retain separate counsel every time

a plaintiff brings a § 1983 claim against an employee seeking

compensatory and punitive damages and a companion § 1983 Monell

claim against the municipality seeking only compensatory damages.

The Court recognizes that a possibility exists of a conflict of interest

arising between Spengel and the City given the City's findings against

Spengel in its disciplinary proceedings.[2]  Hoedebecke, however, does not

have the standing to force the issue by this Motion absent evidence of an

adverse impact on his interests.  Hoedebecke has made no such showing.

Should an adverse impact on his interests arise, Hoedebecke may renew

his motion.

---

[2] The City, for example, might want to admit disciplinary proceeding record as a defense to the Monell
claim, but Spengel might want to try to exclude evidence of the administrative proceeding as irrelevant to
proving a constitutional violation under § 1983 and prejudicial to his defense.  On the other hand, the
Defendants also may have determined that a joint, consistent defense is in their best interests.

THEREFORE, IT IS ORDERED that Plaintiff Cory Hoedebecke's

Motion to Disqualify Corporation Counsel (d/e 19) is DENIED.  Defendants'

Motion to Strike Plaintiff's Motion to Disqualify (d/e 21) is DENIED as moot.

ENTER:   March 11, 2021

_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE